**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 21, 2013[*]
Decided November 27, 2013

## Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 13-2546 | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| UNITED STATES OF AMERICA, | |
| *Plaintiff-Appellee*, | |
| *v.* | No. 93 CR 20024-6 |
| MICHAEL GILLESPIE, | Philip G. Reinhard, *Judge*. |
| *Defendant-Appellant*. | |

## Order

After the Sentencing Commission reduced the Guideline ranges for crack-cocaine offenses, with retroactive effect (see Amendment 750), Michael Gillespie asked the district court to reduce his sentence. See 18 U.S.C. §3582(c). The judge denied his motion, stating that the latest amended Guideline does not change Gillespie's range because his relevant conduct exceeds 8.4 kilograms of cocaine, and he therefore retains the highest sentencing level even after the recent changes. (At sentencing, the district

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

judge had found Gillespie responsible for more than 9 kilograms of crack cocaine and more than 5 kilograms of powder cocaine.)

Gillespie contends on appeal that the district court should have held a new sentencing hearing and redetermined the quantity of cocaine for which he is responsible. But *Dillon v. United States*, 560 U.S. 817 (2010), holds that a motion under §3582(c) does not call for a fresh sentencing. Instead the district court proceeds on the basis of conclusions already reached, changing only the Guidelines that have been retroactively revised. The district court followed the approach of *Dillon*, and its judgment is affirmed.